1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

KAREN SUE PYL,

8                         Plaintiff,

Case No. C13-1428-RAJ-BAT

9              v.

10   CAROLYN COLVIN, Acting Commissioner of
Social Security,

**REPORT AND
RECOMMENDATION**

11

12                         Defendant.

13          Karen Sue Pyl seeks review of the denial of her application for Disability Insurance

14   Benefits.  She contends the ALJ erred by (1) rejecting the opinions of treating psychiatrist Jeffrey

15   Hart, M.D., and treating naturopath Andrew Rife, N.D., and (2) finding her not credible.  Dkt.

16   13.  For the reasons discussed below, the Court recommends the Commissioner's decision be

17   **AFFIRMED** and the case **DISMISSED** with prejudice.

18                                **BACKGROUND**

19          Ms. Pyl is currently 53 years old, has three years of college education and has worked as

20   a registered nurse.  Tr. 147, 164.  On February 1, 2010, she applied for benefits, alleging

21   disability as of July 11, 2008.  Tr. 147.  Her application was denied initially and on

22   reconsideration.  Tr. 95, 100.  After conducting a hearing, the ALJ issued a decision on January

23   9, 2010, finding Ms. Pyl not disabled.  Tr. 11-30.  As the Appeals Council denied Ms. Pyl's

REPORT AND RECOMMENDATION - 1

request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that Ms. Pyl had not engaged in substantial gainful activity since her alleged onset date; that she had the following severe impairments: right knee osteoarthritis status post partial knee replacement, left knee osteoarthritis, cervical degenerative disc disease status post cervical fusion, lumbar degeneration, obesity, fibromyalgia, obstructive sleep apnea, and pain disorder; and that these impairments did not meet or equal the requirements of a listed impairment.[2]  Tr. 13-14.  The ALJ found that Ms. Pyl had the residual functional capacity to perform sedentary work, in that she can lift 20 pounds frequently and 10 pounds occasionally; can walk up to two hours a day; can sit for six to eight hours a day; is able on a seldom basis to kneel, crouch, or crawl; can frequently reach overhead and at the shoulder level; must avoid hazards and concentrated exposure to vibrations; and can perform simple tasks as well as complex and some detailed tasks.  Tr. 16.  The ALJ found that Ms. Pyl was unable to perform any past relevant work but she could perform jobs that exist in significant numbers in the national economy.  Tr. 27-29.  The ALJ therefore concluded that Ms. Pyl was not disabled from her alleged onset date through the date of the decision.  Tr. 30.

## DISCUSSION

**A.    Medical opinions**

   *1.    Dr. Hart*

Dr. Hart has treated Ms. Pyl since September 2000.  In November 2011, he completed a mental impairment questionnaire.  He listed her diagnoses as generalized anxiety disorder, major depression recurrent, and post-traumatic stress disorder.  He assigned a Global Assessment of

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

Functioning (GAF) score of 50, indicating serious symptoms or a serious impairment in social, occupational, or school functioning.  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34 (4th ed. text rev. 1994).  He opined that Ms. Pyl was fairly stable but very sensitive, with rapid emotional deterioration under minimal additional stress, becoming highly anxious, depressed, and panicky.  He opined that her prognosis was "quite poor for any regular work activities."  He opined that Ms. Pyl had moderate difficulties in social functioning; marked to extreme difficulties in maintaining concentration, persistence, or pace; and one or two episodes of decompensation within a 12-month period, each of at least two weeks duration.  And he opined that Ms. Pyl had an anxiety-related disorder and complete inability to function independently outside her home, and that her impairments would cause her to miss more than four days of work per month.  Tr. 1164-67.

The ALJ should give more weight to a treating doctor's opinion than to that of a non-treating doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where it is not contradicted by another doctor, the ALJ may reject a treating doctor's opinion only for "clear and convincing reasons."  *Id.* at 830-31.  Where contradicted, the ALJ may not reject a treating doctor's opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record.  *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ gave Dr. Hart's opinion little weight, finding that his statements were conclusory and well out of proportion to Ms. Pyl's presentation to other clinicians, her reported activities, and her reported complaints.  Tr. 26.  The ALJ may give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  And the ALJ may also give less weight to an opinion that is inconsistent with other evidence in the record.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  The ALJ found that Dr. Hart's records contain no mental status examinations, and contain only Ms. Pyl's subjective reports of depression and anxiety and discussion of her medications.  The ALJ found that the record shows Ms. Pyl regularly socializes with her husband and church friends, she shops in stores, and she went on a cruise and road trips, but she alleged no social difficulties with these activities, contradicting Dr. Hart's opinion that Ms. Pyl could not function outside her home.  The ALJ found that the objective evidence did not support a finding of marked to extreme limitations in concentration, persistence, or pace.  And the ALJ noted that other providers did not note Ms. Pyl to be panicky, depressed, or highly anxious.  Tr. 26.  These were all clear and convincing reasons, supported by substantial evidence, to give Dr. Hart's opinion little weight.

Ms. Pyl argues that Dr. Hart's opinion was consistent with other medical opinions in the record and therefore there could be no clear and convincing reason to reject it.  Dkt. 13 at 10-11.  She points to the opinion of examining psychologist Alysa Ruddell, Ph.D., that "It is expected that when stressed, she ruminates, obsesses on past trauma and somatizes distress," Tr. 750, and the opinion of reviewing psychologist Gerald Peterson, Ph.D., who reviewed the record and Dr. Ruddell's report and opined that Ms. Pyl "would likely have some limits in completing a 40-hour work week because of her tendency to mentally ruminate on her physical condition."  Tr. 768.

1   The ALJ gave substantial weight to both these opinions.  Tr. 26-27.

2          Even though Dr. Ruddell's and Dr. Peterson's opinions may have been consistent with

3   Dr. Hart's opinion on this point, Dr. Ruddell and Dr. Peterson also opined that Ms. Pyl was able

4   to reason and understand, had adequate concentration, persistence, and pace, and had no

5   substantial cognitive or concentration problems.  Tr. 750, 768.  Moreover, Dr. Ruddell opined

6   that Ms. Pyl "is able to be out in the public and deal with the public," and Dr. Peterson found Ms.

7   Pyl to be "socially intact."  Tr. 749, 768.  These opinions thus conflict with other aspects of Dr.

8   Hart's opinion.  Where there are conflicts and ambiguities in the evidence, it is the ALJ's duty to

9   resolve them, not this Court's.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The

10  Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.

11  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  Because the ALJ's interpretation and

12  weighing of the medical opinions was rational, this Court must uphold it, even though Ms. Pyl

13  may propose an alternate interpretation.  The ALJ did not err in evaluating Dr. Hart's opinion.

14          *2.      Dr. Rife*

15          Dr. Rife began treating Ms. Pyl in February 2010.  Tr. 1042.  In September 2010, he

16  opined that "any efforts at this time to work even a minimally physical job on a part-time basis

17  would provide an obstacle to [Ms. Pyl's] long-term health and healing."  Tr. 1063.  The ALJ

18  gave this statement very little weight because it was not a medical opinion, but rather a legal

19  conclusion on an issue reserved to the Commissioner.  The ALJ also found that the statement

20  was conclusory and of little probative value in the ALJ's analysis of Ms. Pyl's functional

21  abilities.  Tr. 25.

22          Dr. Rife is a naturopath and not a medical doctor.  Naturopaths are not acceptable

23  medical sources who can give medical opinions.  *See* 20 C.F.R. § 404.1513(a), (d)(1).  The ALJ

REPORT AND RECOMMENDATION - 5

may evaluate opinions of other medical sources using the same factors used to evaluate medical opinions of acceptable medical sources.  Social Security Ruling (SSR) 06-03p; *see also* 20 C.F.R. § 404.1527(d).  But the ALJ may give less weight to opinions of non-acceptable medical sources than to those of acceptable medical sources.  SSR 06-03p.  The ALJ must give germane reasons for rejecting opinions from other sources that are not acceptable medical sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

An opinion on an issue reserved to the Commissioner, such as an opinion that a claimant is "disabled" or "unable to work," is not a medical opinion and is not entitled to any special significance.  20 C.F.R. § 404.1527(d).  Ms. Pyl does not dispute that Dr. Rife's opinion falls within this category.  She argues instead that the ALJ erred by failing to meet the standard of SSR 96-5p, which requires that an ALJ may not ignore an opinion from a medical source on an issue reserved to the Commissioner, but must instead evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.  Dkt. 13 at 9.

The ALJ complied with the requirements of SSR 96-5p.  The ALJ considered the evidence from Dr. Rife's treatment notes, finding that he provided helpful dietary and sleep hygiene recommendations and referred Ms. Pyl to massage therapy, which was helpful in relieving some of her muscle complaints, Tr. 19, along with the rest of the evidence in the record, and did not find that the record supported a conclusion that Ms. Pyl could not work even a minimally physical job.  Moreover, the ALJ's reasons for rejecting Dr. Rife's opinion, that it was conclusory and was not probative of Ms. Pyl's functional abilities, were germane reasons to reject the opinion.  The ALJ did not err in evaluating Dr. Rife's opinion.

The ALJ's assessment of the medical evidence was free of legal error and supported by substantial evidence.  This court should not disturb it.

REPORT AND RECOMMENDATION - 6

**B.     Ms. Pyl's credibility**

Ms. Pyl argues that the ALJ erred in finding her not fully credible.  Dkt. 13 at 11.  The ALJ did not find that Ms. Pyl was malingering. Thus, the ALJ was required to provide clear and convincing reasons to reject her testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  An ALJ does this by making specific findings supported by substantial evidence.  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ considered Ms. Pyl's reported activities, including attending to her personal care, preparing meals for herself and her family, attending a weekly prayer group and several retreats, shopping in stores, paying bills, and taking various trips.  Tr. 23-24.  The ALJ found that these activities reflect a level of functioning that is not consistent with her claims of disability and show that she is fully capable of performing at the level set forth in the ALJ's residual functional capacity finding.  Tr. 24.

An ALJ may consider a claimant's daily activities when evaluating her credibility.  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations.  *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  But contradictions between a claimant's reported activities and her asserted limitations are an issue of credibility.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Ms. Pyl argues that the ALJ improperly relied on her daily activities to find her not fully credible, asserting that her activities were sporadic, were not transferrable to a work setting, and exacerbated her impairments when she performed above her actual physical capacity.  Dkt. 13 at 18.  However, even where activities suggest some difficulty functioning, they may be grounds

for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). The ALJ found that Ms. Pyl's trips and social functions establish the lack of social limitations associated with her mental health impairments, and that the physical requirements of these activities confirm that Ms. Pyl needs no greater limitations than those in the residual functional capacity finding. Tr. 24-25. Although Ms. Pyl has proposed an alternative interpretation of the evidence, that is not sufficient for this Court to disturb the ALJ's credibility assessment. This was a clear and convincing reason to find Ms. Pyl not fully credible.

The ALJ also found that inconsistencies in Ms. Pyl's reports to various treating and examining doctors shed doubt on her credibility. Tr. 25. Prior inconsistent statements about the symptoms are a factor in evaluating a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also* SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). The ALJ found that even at the hearing it was unclear how much Vicodin Ms. Pyl was or had been using, noting that she testified she had been using it all along, but did not include it on a list of her medications she gave to one doctor just days after another doctor had prescribed it for her. Tr. 25. Ms. Pyl attempts to explain the reason behind these inconsistencies. Dkt. 13 at 19. But again, she merely provides an alternative interpretation of the evidence insufficient for this Court to disturb the ALJ's credibility assessment. This was also a clear and convincing reason for the ALJ to find Ms. Pyl not fully credible.

Finally, the Court notes that the ALJ also found that the medical evidence did not corroborate Ms. Pyl's allegations of disability. Tr. 23, 25. The ALJ found that the record shows Ms. Pyl experiences pain associated with her impairments, but also that Ms. Pyl responded well

to physical therapy and medications and that her reported cognitive and memory problems appeared to improve over time.  Tr. 23.  Although lack of objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints, it is a relevant factor that the ALJ can consider in his credibility analysis.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  This was another clear and convincing reason for the ALJ to find Ms. Pyl not fully credible.  The ALJ did not err in evaluating Ms. Pyl's credibility.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **AFFIRMED** and the case **DISMISSED** with prejudice.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **April 18, 2014**.  If no objections are filed, the matter will be ready for the Court's consideration on that day.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of April, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9